United States District Court
Southern District of Texas
**ENTERED**
October 11, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD COLE, § | |
| TDCJ # 02410018 § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-3107 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Richard Cole, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), brings this habeas action under 28 U.S.C. § 2254 and seeks recalculation of jail credits for his sentence. After reviewing all of the pleadings as required under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the case must be **dismissed without prejudice** for reasons explained briefly below.

### I.    BACKGROUND

Cole filed his initial petition (Dkt. 1) when detained at the San Jacinto County Jail. He filed his amended petition (Dkt. 4) from TDCJ. Cole seeks to challenge the jail credits for his sentence imposed on August 5, 2022, by the 258th District Court of San Jacinto County, Case No. 12,889 (Dkt. 4, at 2; *see id*. at 11 (judgment reflects 531 days of jail credit)). He claims that, although the judgment in his case shows a jail credit of 531 days,

the dates listed on the judgment are inaccurate and he is owed an additional 57 days of credit on his sentence, for a total of 588 days (*id.* at 7). Cole states that he did not appeal his conviction and has not filed an application for state habeas relief, instead filing only a letter in the trial court regarding the time-credit calculation (*id.* at 3).

Publicly available online records from San Jacinto County do not reflect any appeal or habeas petition from Cole. *See* San Jacinto Court Records Inquiry, available at https://portal-txsanjacinto.tylertech.cloud/PublicAccess/default.aspx (last visited Oct. 6, 2022). The Texas appellate courts' website also reflects no appeal or habeas application. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Oct. 6, 2022).

## II.     DISCUSSION

Before seeking federal habeas review, a state prisoner must exhaust all available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (cleaned up). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To comply with the exhaustion requirement, a petitioner must fairly present his legal claim to the highest state court in a procedurally proper manner. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). The federal claim must be the "substantial equivalent" of the claim brought before the state court. *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016). Exceptions exist only where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To exhaust a habeas claim in Texas, a petitioner must present his habeas claim in a procedurally proper manner to the highest court of criminal jurisdiction—the Texas Court of Criminal Appeals—by taking one of these paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; or (2) he may petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3; *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Cole's challenge to the sentencing court's calculation of his jail credit may be raised by motion in the sentencing court, if appropriate, as well as on direct appeal and in state habeas proceedings. However, public records available from San Jacinto County and the Texas appellate courts reflect that Cole has not filed an appeal or a state habeas corpus application related to his San Jacinto County conviction. The Court of Criminal Appeals therefore has not had an opportunity to address Cole's challenge to his sentence imposed in August 2022. Because a state procedure remains available as a means to present his claims to the state courts, Cole does not fit within a recognized exception to the exhaustion doctrine. Comity requires this Court to defer until the state courts have considered the petitioner's claims. Therefore, the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

### III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282

(2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. <u>CONCLUSION AND ORDER</u>

For the reasons stated above, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Dkt. 5) is **GRANTED.**

2. The habeas petition filed by Richard Cole is **DISMISSED without prejudice** for failure of the petitioner to exhaust all available state remedies.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas on _____October 11_____, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE